IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLINT-LAMBERT, P.C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 3:04-CV-2184-H |
| | * | |
| GULF INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment, filed May 31, 2005; Plaintiff's Response, filed June 26, 2005; Defendant's Reply, filed July 12, 2005; Plaintiff's Motion for Partial Summary Judgment, filed May 31, 2005; Defendant's Response, filed June 27, 2005; and Plaintiff's Reply, filed July 12, 2005.[1] On August 18, 2005, the Court heard oral arguments from both parties on the pending motions. The Court has considered the parties briefing and oral arguments. For the reasons stated below Plaintiff's Motion is **GRANTED**. Defendant's Motion is **DENIED** in part and **GRANTED** in part.

## I. Background

Plaintiff's causes of action arise out of Defendant's failure to pay an insurance claim. Plaintiff is a law firm that, *inter alia*, provides wiring instructions from which its client Title Texas ("Title") disburses escrow payments to real estate sellers. (Def.'s App. at 31-33.) On June 24, 2003, Plaintiff instructed Title to initiate a wire transfer in the amount of $ 98,088.93 to Alpha Assistance, Inc. ("Alpha"). (*Id*. at 212; Pl.'s App. at 10.) Plaintiff's instructions were erroneous as the funds

[1] Plaintiff seeks summary judgment on (1) its breach of contract claim; or (2) in the alternative, ambiguity of the "funds-held" provision; and (3) damages.

were not properly owed to Alpha. (Def.'s App. at 83; Pl.'s App. at 10-11.) Title then remitted, from its own funds, $ 98,088.93 to the proper recipient. (Def.'s App. at 236; Pl.'s App. at 11.) On September 15, 2003, Title sent a demand letter to Plaintiff requesting reimbursement of the erroneous wire transfer. (Def.'s App. at 236; Pl.'s App. at 49.) On September 18, 2003, Plaintiff submitted an insurance claim to Defendant for coverage of Title's claim against Plaintiff. (Def.'s App. at 121, 263; Pl.'s App. at 11.) Defendant denied Plaintiff's claim on September 23, 2003. (Pl.'s App. at 265.) On March 1, 2004, Plaintiff obligated itself to reimburse Title for its loss. (Pl.'s App. at 12, 238.)

Plaintiff's insurance policy with Defendant (the "policy") provides that Defendant will pay, on behalf, of Plaintiff certain "damages" and "claims expenses." (Def.'s App. at 373.) Such "'damages' must arise out of an error, omission, negligent act, or 'personal injury' in the rendering of or failure to render 'professional legal services' for others by [Plaintiff] or on [Plaintiff's] behalf[.]" (*Id*.) The policy excludes from coverage those claims "[a]rising out of the inability or failure to pay, collect, administer, safeguard, funds held or to be held for others." (Pl.'s App. at 38.) Defendant denied Plaintiff's claim relying on the above quoted exclusion ("provision L"). The parties' cross-motions dispute the applicability of the: (1) exclusion provision, (2) Texas Deceptive Trade Practices Act ("DTPA"), and (2) Texas Insurance Code.

## II. Standard

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. FED. R. CIV. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251

(1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Innovative Database Sys. v. Morales*, 990 F.2d 217 (5th Cir. 1993). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Prop., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

## III. Analysis

### A. Plaintiff's Motion

#### 1. Ambiguity of Provision L

The background facts described above are not in dispute. The legal question posed by the parties' cross-motions is whether the scope of the exclusion provision excludes from coverage those claims arising out of erroneous wire transfer instructions. Not surprisingly, each party reads the exclusion provision differently: Defendant reads the provision to exclude claims arising out of Plaintiff's inability or failure to administer or safeguard funds irrespective of who held the funds; Plaintiff, on the other hand, reads the provision to exclude claims arising out of its inability or failure to administer or safeguard funds held by Plaintiff for others.

Alone, conflicting interpretations do not make the proviso ambiguous. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 235 (Tex. 2003). "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Grain Dealers Mut. Ins. Co. v. McKee*, 943

S.W.2d 455, 458 (Tex. 1997) (citing *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). An ambiguity exists when the parties conflicting interpretations are both reasonable, *Md. Cas. Co. v. Tex. Commerce Bancshares, Inc.*, 878 F. Supp. 939, 941 (N.D. Tex. 1995) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co.*, 811 S.W.2d 552, 554 (Tex. 1991)), or when the proviso in question is uncertain and doubtful. *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)).

In the instant case the parties' conflicting interpretations are both reasonable. In at least three other exclusions in the policy there is no reference to conduct "by the insured," yet it is clear that the exclusions refer to conduct by the insured. (Pl.'s App. at 38 (exclusions B, D, G).) Plaintiff argues that, consistent with its unchallenged interpretation of provisions B and D, provision L refers to the conduct of the insured. (Pl.'s Br. at 10-11.) Plaintiff reasons that the purpose of the exclusion, in context of the entire policy, is to curb the conduct of the insured and therefore provision L refers to the conduct of the insured. The Court concludes that Plaintiff's interpretation is not unreasonable. Defendant argues that the absence of the language indicates that the "funds held" language is to be read broadly, *e.g.*, referring to funds held by any party, not just "by the insured." (Def.'s Br. at 8.) The Court concludes that Defendant's interpretation is also reasonable. Having concluded that both parties' interpretations are reasonable, the Court finds provision L ambiguous. *See Grain Dealers*, 943 S.W.2d at 458. Because the "contract is ambiguous[,] . . . the interpretation that most favors coverage for the insured will be adopted." *Id*. Accordingly, Plaintiff's Motion is **GRANTED**.

**2. Damages**

"The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." *Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 888 (Tex. App.–Dallas 2004) (citing *Stewart v. Basey*, 245 S.W.2d 484, 486 (Tex. 1952)). Texas law on mitigation "requires a claimant to mitigate damages if it can do so with 'trifling expense or with reasonable exertions.'" *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 857 (Tex. 1999) (citing *Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995). The damages in a breach of contract claim are intended to place the non-breaching party "in the same position he would have occupied had the breach not occurred." *Reynolds Metals Co. v. Westinghouse Electric Corp.*, 758 F.2d 1073, 1079 (5th Cir. 1985). Therefore Plaintiff's damages are limited.

The summary judgment evidence shows that Plaintiff has remitted to Title payments and an obligation in the amount of $ 103,207.68. (Pl.'s App. at 12.) Plaintiff argues that its loss is $ 103,207.68, less the applicable deductible, plus interest, plus attorney's fees. (Pl.'s Mot. at 2; Pl.'s Br. at 16; Def.'s App. at 37.) Plaintiff admits, however, that it has recovered $ 56,460.00 from Alpha. (Pl.'s Br. at 18.) Plaintiff invokes legal fictions to argue that Defendant is not entitled to an offset of $ 56,460.00. (Pl.'s Br. at 18-22.) The Court, however, need not resort to legal fictions because the summary judgment evidence shows that Plaintiff's damages must be offset.

Plaintiff will not be entitled to recover more than it would have, had the breach not occurred. *Reynolds Metals*, 758 F.2d at 1079. Defendant denied Plaintiff's claim on September 23, 2003. (Def.'s App. at 265.) In an effort to recover the loss, Plaintiff filed suit against Alpha on July 9, 2004. (Def.'s App. at 298.) On October 26, 2004, Plaintiff obtained a judgment against Alpha

for $ 301, 037.19, plus interest (which includes the $ 98,088.93). (Def.'s App. at 300.) Since the denial of the claim, Plaintiff has recovered from Alpha $ 56,460.00. (Pl.'s Br. at 18, 289.) Therefore, had Defendant paid the claim in full on September 23, 2003, Plaintiff would not have recovered or sought recovery from Alpha. Accordingly, to restore Plaintiff to the position it would have occupied, had the breach not occurred, Plaintiff's recovery must be reduced by $ 56,460.00.

Because Plaintiff would not have expended efforts in its recovery from Alpha, Plaintiff should not bear the cost of those efforts, *i.e.*, had the claim been paid, Plaintiff would not have spent time and expenses to recover from Alpha. Accordingly, Plaintiff must be made whole for its costs and expenses incurred in obtaining recovery from Alpha. Plaintiff argues, and Defendant does not dispute, that Plaintiff has spent $ 6, 890.80 in time and expenses in recovering the $ 56,460.00. Therefore, Plaintiff's damages are limited to $ 48,639.48 plus attorney's fees.[2]

**B. Defendant's Motion**

**1. Breach of Contract**

Defendant's Motion with respect to Plaintiff's breach of contract claim is grounded solely on the theory that provision L is clear, *i.e.*, unambiguous.[3] For the reasons discussed above,

---

[2] This amount does not include attorney fees, if any, to be applied for within thirty days of judgment per Federal Rule of Civil Procedure 54 (d)(2)(B). The amount is calculated as follows:

$ 103,207.68 (claim)
Less 56,460.00 (recovery)
$ 46,747.68 (loss)
Plus 6,890.80 (costs in obtaining recovery)
**Net Loss $ 53,638.48**
Less 5,000.00 (Policy Deductible)
**Damages $ 48,639.48** (prior to any FED. R. CIV. P. 54 attorney fees)

[3] Defendant segregates its arguments into three parts, however the essence of all its arguments is that provision L clearly excludes Plaintiff's claim from coverage. (*See* Def.'s Br. at 3, 6-10.)

*see supra* II.A.1., provision L is ambiguous as a matter of law. Accordingly, Defendant's Motion is **DENIED** as to Plaintiff's breach of contract claim.

### 2. DTPA and Texas Insurance Code Claims

At oral argument, the parties stipulated that if provision L is determined to be ambiguous, then Plaintiff's DTPA and Texas Insurance Code ("TIC") claims fail as a matter of law.[4] For the reasons discussed above, *see supra* II.A.1., provision L is ambiguous. Accordingly, Plaintiff's DTPA and TIC claims fail as a matter of law. Defendant's Motion is **GRANTED** as with respect to Plaintiff's Texas Deceptive Trade Practices Act and Texas Insurance Code claims.

## IV. Conclusion

Having considered the parties briefing and oral arguments, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**. For the foregoing reasons Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's Texas Deceptive Trade Practices Act and Texas

[4] In the present case, a finding of ambiguity negates a finding that Defendant denied Plaintiff's claim in bad faith. To prevail on its DTPA and TIC claims, Plaintiff must prove (1) that Defendant had no reasonable basis for denying the claim or (2) that Defendant knew or should have known that there was no reasonable basis for denying the claim. *See Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (claims under DTPA and § 21.21 of the Texas Insurance Code require same predicate for recovery as a bad faith cause of action). Because provision L is ambiguous, Defendant's interpretation of provision L provided it a reasonable basis for denying the claim.

Insurance Code claims. The remainder of Defendant's Motion is **DENIED**. Plaintiff is **DIRECTED** to confer with Defendant for the purpose of submitting to the Court a proposed Judgment.

SO ORDERED.

DATED: August 24, 2005.

BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS